# United States Court of Appeals
## For the Eighth Circuit

_____

No. 26-1474
_____

United States of America

*Plaintiff - Appellee*

v.

James Marcus Dyett

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: August 6, 2026
Filed: August 11, 2026
[Unpublished]
_____

Before KELLY, KOBES, and JUSTIN D. SMITH, Circuit Judges.
_____

PER CURIAM.

James Dyett appeals the sentence the district court[1] imposed after he pleaded guilty to a money laundering offense pursuant to a written plea agreement containing

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

a limited appeal waiver. His counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred by denying a minor-role reduction and imposing a special condition of supervised release authorizing searches of Dyett's person and property; and that the sentence was substantively unreasonable.

Setting aside whether Dyett waived the minor-role reduction argument at sentencing, we conclude that the district court did not clearly err in declining to apply a minor-role reduction, as the facts indicate that Dyett participated in an illegal money laundering scheme by making fraudulent representations and moving large sums of money. See United States v. Mitchell, 613 F.3d 862, 870 (8th Cir. 2010) (standard of review; fact that defendant was less culpable than his friend in money laundering conspiracy did not make his role minor); United States v. Rodamaker, 56 F.3d 898, 904 (8th Cir. 1995) (defendant was fairly on notice that district court may sua sponte deny minor-role reduction; court did not clearly err in denying minor-role reduction because, although defendant may have been less culpable, she played major and important role in scheme); see also United States v. Wilson, 102 F.3d 968, 973 (8th Cir. 1996) (defendant who is concededly less culpable than co-defendants is not entitled to minor-participant reduction if defendant was "deeply involved" in criminal acts). We enforce the appeal waiver as to counsel's arguments challenging the reasonableness of the sentence and the search condition. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010); United States v Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we affirm the district court's denial of a minor-role reduction, dismiss the remainder of the appeal, and grant counsel's motion to withdraw.

_____